THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN E. COLLINS JR,<br><br>              Plaintiff,<br>    v.<br>NOVA ASSOCIATION MANAGEMENT PARTNERS LLC, *et al.*,<br><br>             Defendants. | CASE NO. C20-1206 JCC<br><br>ORDER |

Before the Court are two motions to dismiss for failure to state a claim: one filed by Defendants Sound Legal Partners, LLC ("SLP") and Rachel R. Burkemper (together, the "SLP Defendants") (Dkt. No. 15) and the other by Defendants Villa Marina Association of Apartment Owners ("the Association") and Nova Association Management Partners LLC ("Nova") (Dkt. No. 17). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES both motions without prejudice and STAYS the case for the reasons explained below.

    I.    **BACKGROUND**

As an owner at the Villa Marina Condominiums, Collins had to pay monthly assessments to the Association, Villa Marina's governing board. (Dkt. 11 at 2–3.) In 2016, Collins defaulted on his assessments, and the Association sued him in state court ("Lawsuit I"). (Dkt. No. 11 at 6.) Collins settled Lawsuit I in February 2017. His settlement payment resulted in a positive balance

of about $2,000 in Collins's owner account. (*See* Dkt. Nos. 11 at 6, 11-1 at 3.) He alleges that the Association immediately began charging improper fees to vacuum up this surplus. (*See* Dkt. No. 11 at 6–8.) As a result, Collins again defaulted in May 2017. (*Id.* at 7.)

The Association outsources assessment billing and collection to a property management company. (*Id.* at 3.) Starting in October 2018, that company was Nova, then known as "Pinnacle." (*Id.*) Nova sent letters to Collins each month from February to August 2019, demanding that he pay the overdue assessments. (*See* Dkt. No. 11 at 8–12.) Attached to each letter was a ledger ostensibly showing Collins's account activity, a running net balance, and a "Total Due." (*See* Dkt. No. 11-2.) However, the sum of the account activity often contradicted the "Total Due"; later letters reveal that this was because prior ledgers omitted items that went into calculating the "Total Due." (*See* Dkt. No. 11-2 at 10, 12, 14, 16, 18.) Meanwhile, Nova allegedly refused to speak with Collins about these errors or how Nova was applying his payments; failed or delayed cashing his checks to rack up late fees and interest; and sent checks back to him without explanation. (Dkt. No. 11 at 8–10.)

On October 9, 2019, the SLP Defendants sent Collins a demand letter advising that the Association had retained the SLP Defendants to collect Collins's debt, and that he had 30 days to dispute the debt or request validation. (Dkt. No. 11-3 at 2.) The October Letter contains contradictions as to how much was due as of October 9, 2019, and it asserts that Collins is liable for an allegedly unauthorized "final payment processing" fee. (Dkt. No. 11 at 13.)

Collins contacted Burkemper on November 11, 2019, disputing the debt, and requesting validation. (*Id.*) Five days later, Burkemper sent him a response, attaching an account ledger showing activity from September 2018 through November 2019. (Dkt. No. 11-5.) The balances in this ledger are uniformly higher than in Nova's ledgers for the same dates. (*Compare* Dkt. No. 5 at 4, *with* Dkt. No. 11-2 at 16, 18.) They also contradict the amounts listed in the October Letter. (*Compare* Dkt. No. 11-5 at 4, *with* Dkt. No. 11-3 at 3.)

In December 2019, the Association, represented by the SLP Defendants, sued Collins in

state court seeking unpaid assessments, legal fees, and interest ("Lawsuit II"). (Dkt. No. 11 at 4); *Villa Marina Ass'n of Apt. Owners v. Collins*, 19-2-32346-9 SEA (King Cty., Wash. Super. Ct. 2019). The Association's filings in Lawsuit II contained yet more discrepancies, both from filing to filing and compared to prior demand letters. (Dkt. No. 11 at 15; *compare* Dkt. Nos. 11-4 at 2–3, 11-5 at 4, 11-6 at 2–3, 11-7 at 3–4, and 11-2 at 16, 18.)

Perhaps due to these inconsistencies, the state court denied the Association's motion for summary judgment. Order Den. Mot. for Summ. J., *Villa Marina Ass'n of Apt. Owners v. Collins*, King Cty. Super. Ct. Case No. 19-2-32346-9 SEA (filed July 8, 2020). The Association then filed a motion for reconsideration, which the state court granted. (Dkt. Nos. 11 at 16–18, 16-4, 16-6.) On October 5, 2021, the Washington State Court of Appeals reversed the trial court's decision granting reconsideration in Lawsuit II "because there remains a genuine issue of material fact as to the amount of Collins'[s] alleged delinquency." (Dkt. No. 39-1 at 1.)

## II.   DISCUSSION

The Washington State Court of Appeals' recent reversal of the judgment in Lawsuit II raises important questions about this Court's ability to adjudicate Collins's claims while that proceeding is pending. Collins seeks injunctive and declaratory relief. (Dkt. No. 11 at 39–40.) His claims that Defendants misrepresented "the character, amount, or legal status" of the debt in violation of 15 U.S.C. § 1692e(2)(A) raise questions about the validity of his debts and whether the amounts Defendants demanded from him in were accurate. The appellate reversal in Lawsuit II makes those questions unanswered. Defendants also assert that the outcome of Lawsuit II exerts preclusive effects in this litigation. (Dkt. Nos. 15 at 6, 17 at 8–9.) Additionally, Collins withdrew—before the state court could decide it—his request for leave to assert a counterclaim under the CPA; he told the state court that this was a "compulsory counterclaim[]" that "present[s] no new facts." (Dkt. No. 18-6 at 5.)[1]

---

[1] *See* Douglas J. Ende, 14A WASH. PRAC., CIV. P. § 35:23 (3d ed.) (to be a judgment on the merits for *res judicata* purposes, "[i]t is sufficient that . . . the prior litigation was such that the

These factors implicate prudential doctrines arising from principles of federalist comity. Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must not interfere with pending state court proceedings that implicate "important state interests." *Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 881 (9th Cir. 2011). Similarly, in the interest of wise judicial administration, giving regard to conserving judicial resources and comprehensive disposition of litigation, a district court has discretion to dismiss or stay a federal suit due to a concurrent state proceeding under the *Colorado River* doctrine.[2] *United States v. State Water Resources Control Bd.*, 988 F.3d 1194, 1202 (9th Cir. 2021). Federal courts may raise abstention *sua sponte*. *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1223 (9th Cir. 2020).

A. **Younger** Abstention

*Younger* abstention is required in a civil case if the state proceedings (1) are ongoing, (2) implicate "important state interests," and (3) provide an adequate opportunity to raise federal questions, and (4) if federal adjudication would enjoin or have the practical effect of enjoining the state proceeding. *Logan v. U.S. Nat'l Bank Ass'n*, 722 F.3d 1163, 1167 (9th Cir. 2013).

Lawsuit II readily satisfies the first and third criteria. *See, e.g.*, *SunTrust Mortg. Inc. v. Miller*, 2015 WL 993326, slip op. at 7 (Wash. Ct. App. 2015) (adjudicating FDCPA claim in state court). It also satisfies the fourth, because "Plaintiff seeks injunctive relief from this Court which would enjoin the Defendants from collecting debts . . . from the Plaintiff." (Dkt. No. 11 at 40.) Adjudicating his FDCPA and CPA claims could, depending on the outcome, effectively forestall the state court's determination of disputed issues around the validity and amount of Collins's debt, which would have the practical effect of enjoining the state case as well.

That leaves the second *Younger* prong: Does Lawsuit II implicates important state interests? The Court holds that it does. A state case implicates important state interests if federal

---

parties *might have had* their suit disposed of, if they had properly presented and managed their respective cases." (emphasis added)).

[2] *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

court adjudication would interfere with the state's ability to carry out its basic executive, judicial, or legislative functions. *Potrero Hills*, 657 F.3d at 883. The Ninth Circuit has not evaluated whether a foreclosure action to recover unpaid condominium assessments fits this description. The closest analogue is *Logan*, where the court held that state unlawful detainer actions do not implicate sufficiently important interests because such cases involve "simply a private dispute between two private parties over possession of a property." *Logan*, 722 F.3d at 1168.

Lawsuit II is not just a private dispute between two parties. It is a foreclosure proceeding filed under Washington's Horizontal Property Regimes Act, Ch. 64.32 RCW, in which the Association seeks to recover unpaid assessments attributable to Collins's share of common expenses as an owner in a condominium. This implicates not just purely private interests, but also the interests of other condo owners in having their neighbors contribute to common expenses, the consequent availability of quality condominium construction and affordable housing, and the ability of Washington's courts to enforce the statutory regime that allows such living arrangements to function. *See* Wash. Rev. C. § 64.34.005 (statement of legislative intent).

Based on this analysis, the Court holds, as have other courts in analogous circumstances, that abstention under *Younger* is proper. *Rinegard-Guirma v. US Bank Nat'l Ass'n*, 2013 WL 4017884, slip op. at 2 (D. Or. 2013) (dismissing FDCPA claims based on *Younger*); *Dorsey v. Clarke*, 2016 WL 4205769, slip op. at 3 (D. Md. 2016) (dismissing on *Younger* grounds where, among other things, "Maryland has a substantial interest in its property law; and Plaintiffs can certainly raise their FDCPA claim in the foreclosure proceeding."); *Sergeon v. Home Loan Ctr., Inc.*, 2010 WL 5662930, slip op. at 3 (M.D. Fla. 2010) ("[T]he Court notes that there are a multitude of federal cases recognizing that *Younger* abstention is appropriate when granting the relief requested in a federal court action would . . . interfere[e] with an ongoing state court mortgage foreclosure action." (citing numerous cases)).

B.   *Colorado River* Abstention

*Colorado River* abstention depends on the following factors: (1) which court first

assumed jurisdiction, (2) the convenience of the forum, (3) avoiding piecemeal litigation, (4) the order in which the forums obtained jurisdiction, (5) whether federal or state law provides the rule of decision on the merits, (6) whether the state court proceedings can adequately protect the federal litigants' rights, (7) the desire to avoid forum shopping, and (8) whether the state court proceedings will resolve all issues before the federal court. Doubts are to be resolved in favor of not abstaining. *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1166 (9th Cir. 2017).

Here, the second factor, convenience of the forum, is neutral. One factor favors retaining jurisdiction, because the FDCPA is a federal statute. But all other factors favor abstention. The state court first obtained jurisdiction and indeed it has appointed a receiver for Collins's property; because the underlying facts are the same in both cases, the danger of piecemeal litigation is high; and Congress grants state courts concurrent jurisdiction over FDCPA claims and there is no reason the state court cannot adequately protect Collins's rights. There are also serious indicia of forum shopping. The record strongly suggests that Collins could have asserted his CPA claim against the Association far earlier in Lawsuit II but waited to do so until his opponent's reconsideration motion was pending, and then decided to file the claim in federal court rather than risk the state court not letting him belatedly assert it. (Dkt. Nos. 1, 11, 18-1 at 10, 18-6 at 5.)

As for the final factor—whether state court proceedings will resolve all issues pending in federal court—"exact parallelism" is not required, but "substantial similarity of claims is necessary before abstention is available." *United States v. State Water Resources Control Bd.*, 988 F.3d 1194, 1203 (9th Cir. 2021). The cases are substantially similar; there is a high probability that the state court proceedings will resolve all or substantially all issues before the federal court, especially given the availability of federal counterclaims to Collins, which would allow for a full adjudication of essentially his entire case. There is thus no substantial doubt that the state court proceeding would be an adequate vehicle to completely and promptly resolve the issues between the parties.

In addition, "the vexatious or reactive nature of either the federal or state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.20 (1983). Considering this factor has "considerable merit." *Id.* Here, the timeline of Collins's dispute shows that his federal lawsuit was reactive. The same plaintiff (the Association) with the same counsel (the SLP Defendants), sued Collins in *both* Lawsuit I and Lawsuit II over a period of years, and in both instances "Collins vigorously disputed the accounting put forth by Burkemper." (Dkt. No. 11 at 6.) But it was not until August 10, 2020—less than two weeks before the state court entered judgment against him—that Collins sought relief in federal court. This suggests a play for leverage by someone concerned about a possible defeat. The Court thus finds that Collins's federal lawsuit was reactive for purposes of *Colorado River*. *See Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir.1989) (plaintiff brought claims in federal court after three and a half years of litigating in state court).

Accordingly, the Court holds that wise judicial administration favors staying this matter under *Colorado River*. *Pirard v. Bank of America*, 2013 WL 1154294, slip op. at 5 (N.D. Ill. 2013) (abstaining under *Colorado River* from adjudicating FDCPA and related state law claims pending resolution of state foreclosure action); *cf. Martin v. Wells Fargo Bank*, 2017 WL 10605965, slip op. at 4 (C.D. Cal. 2017) (staying Fair Credit Reporting Act claims under *Colorado River* based on ongoing state lawsuit to collect credit card debt).

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the SLP Defendants' Motion to Dismiss (Dkt. No. 15) and the Association and Nova's Motion to Dismiss (Dkt. No. 17) are both DENIED without prejudice; this action is hereby STAYED pending resolution of *Villa Marina Ass'n of Apt. Owners v. Collins*, 19-2-32346-9 SEA (King Cty., Wash. Super. Ct. 2019). The clerk is directed to close this case in the interim.

//

DATED this 7th day of October 2021.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE