The Honorable John C. Coughenour

IN THE UNITED DISTRICT COURTS
IN THE WESTERN DISTRICT OF WASHINGTON - SEATTLE DIVISION

| | |
|---|---|
| JOHN E. COLLINS, JR., an individual,<br><br>Plaintiff,<br>v.<br><br>NOVA ASSOCIATION MANAGEMENT PARTNERS, LLC, a Washington limited liability company, SOUND LEGAL PARTNERS, LLC, a Washington limited liability company, and RACHEL RAPP BURKEMPER, an individual,<br><br>Defendants. | CASE: 2:20-cv-01206-JCC<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS SOUND LEGAL PARTNERS, PLLC AND RACHEL BURKEMPER'S SECOND MOTION TO DISMISS |

## I. INTRODUCTION

Five years after filing their initial Motion to Dismiss (Dkt. 15), Defendants Sound Legal Partners, PLLC, and Rachel Burkemper (collectively, "Sound Legal") now file a second, procedurally improper motion seeking the same relief. This duplicative effort is not only a violation of the Federal Rules of Civil Procedure, but also a substantive failure that rests on a fundamental mischaracterization of this lawsuit. This lawsuit is not an attack on the validity of the state-court foreclosure judgment. Rather, this action seeks to hold Defendants accountable for the independent statutory harm caused by their unlawful *conduct* during their debt collection efforts. The First Amended Complaint, Dkt. No. 11 ("FAC"), details a systematic scheme of deceptive





Devlin Law Firm
526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

accounting and abusive litigation tactics that violate specific duties imposed by the Fair Debt Collection Practices Act ("FDCPA") and the Washington Consumer Protection Act ("CPA").

Defendants' preclusion and compulsory-counterclaim arguments fail because Plaintiff's FDCPA and CPA claims challenge the *means* and methods of collection, not the *existence* or *amount* of the underlying debt. As courts in this district have repeatedly recognized, such consumer-protection claims are independent statutory causes of action, not compulsory counterclaims in the original collection action, and are not precluded where they target collection conduct rather than the state-court judgment itself.

Their invocation of the judicial-proceedings privilege is likewise misplaced. Modern Washington precedent limits the litigation privilege and refuses to extend it to shield a law firm's entrepreneurial or business practices, especially where the firm functions as a licensed collection agency and engages in conduct that is commercial and debt-collection-oriented rather than purely advocative. By relying on older, overbroad formulations of the privilege while ignoring this controlling line of authority, Defendants overstate the scope of any immunity they may claim.

Finally, Defendants' reliance on *Guerrero v. RJM Acquisitions* is inapposite. *Guerrero* addresses informal communications between a debt collector and a represented consumer's counsel; it does not create blanket immunity for formal litigation conduct, nor does it shield deceptive practices that occur before counsel's appearance. It also does not displace the FDCPA's express regulation of misrepresentations and unfair practices in court filings.

Because Sound Legal's second Motion to Dismiss is procedurally barred as an improper successive Rule 12 motion, and because its preclusion, privilege, and *Guerrero*-based defenses fail on the merits, the Motion to Dismiss should be denied in its entirety.

## II. FACTUAL BACKGROUND

As alleged in the FAC, this dispute arises from Defendants' multi-year scheme to manufacture a delinquency on Mr. Collins's condominium account and then collect on that manufactured debt through abusive means.



Devlin Law Firm
526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

**A. Manufacturing Delinquency (2017):**

Accepting the allegations in the FAC as true, this dispute began when Defendants manipulated Mr. Collins's account to create a false delinquency. After a prior collection lawsuit was settled in 2017, Mr. Collins's account had a credit balance of $2,012.27. FAC ¶ 15; Ex. 1. Over the next three months, Defendants depleted this credit with unauthorized and cryptic charges, such as a $100 late fee in a month where no assessment was due and a "Legal Asmt" charge of $360.11 directed by Defendant Sound Legal Partners ("Sound Legal"). FAC ¶¶ 15-17. These actions created a deficit by levying a series of unauthorized charges, including improper late fees, attorney fees not related to any active litigation, and duplicative interest charges. *Id.* ¶¶ 15-24.

**B. Unlawful Collection Demands (2019)**

Acting on the manufactured delinquency, Defendant Nova Association Management Partners, LLC ("Nova"), the property manager, then exacerbated the situation. For nearly two years, Nova engaged in a pattern of failing to post or account for payments, holding checks for months before depositing them, and returning payments without explanation, all of which served to pyramid late fees and interest. FAC ¶¶ 30-34. Simultaneously, Nova sent a series of dunning letters that illegally gave Mr. Collins only 10 or 14 days to dispute the debt, an alleged violation of the FDCPA's 30-day validation period requirement. FAC ¶¶ 36, 38, 40.

In October 2019, the matter was referred to Sound Legal and its partner, Defendant Rachel Burkemper. Sound Legal's initial communication, a demand letter dated October 9, 2019, was sent to Mr. Collins, who was unrepresented, and was rife with alleged FDCPA violations. This letter demanded payment on multiple dates falling within the 30-day validation period, stated a "total amount due today," and attached a copy of a lien that had already been recorded, all of which served to illegally overshadow his validation rights. *Id.* ¶¶ 41–43, 82–83. The letter also demanded an unauthorized "$229.15 final payment processing" fee. FAC ¶¶ 44, 46, 101.





Devlin Law Firm
526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

### C. False Representations in Litigation (2019-2020)

On December 6, 2019, Sound Legal filed a foreclosure complaint that was served directly on an unrepresented Mr. Collins, demanding a specific sum of $13,653.14. *See* Dkt. 52, Ex. 2; *See also* Kestle Decl. (Dkt. 52), Ex. 2. This amount was demonstrably false. Months later, in the face of litigation, Sound Legal was forced to admit to an "error" of over $5,000. FAC ¶¶ 51, 54, 56. Relying on these inflated and false representations, Defendants successfully obtained a custodial receivership over Mr. Collins's property, causing him to lose rental income and the use of his property. *Id.* ¶¶ 61-62. This conduct occurred before Plaintiff retained counsel, who appeared on April 20, 2020. Dkt. 52, Ex. 3.

Even after counsel appeared for Mr. Collins, Sound Legal continued to prosecute the action using a "flurry of declarations, statements, and ledgers" with ever-changing and irreconcilable balances, all while charging substantial attorney fees to Mr. Collins's account. FAC ¶¶ 53, 57, 97. The FAC frames this entire pattern of conduct as part of Defendants' "intentional acts designed to generate and increase profitability." *Id.* ¶ 114.

### D. State-Court Proceedings

On July 8, 2020, the state court initially denied Defendants' motion for summary judgment. Dkt. No. 52, Ex. 1. Upon reconsideration, the court entered judgment against Mr. Collins. *Id.*, Exs. 4-6. Mr. Collins appealed the decision to Division 1 of the Washington State Court of Appeals, and on October 4, 2021, the Court of Appeals reversed summary judgment, finding a genuine issue of material fact as to the debt's "starting date," and remanded. Dkt. No. 39-1. On August 1, 2023, after remand, the state trial court granted a renewed motion for summary judgment, and a final judgment was eventually entered and affirmed. Dkt. 52, Exs. 7-9.

## III. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff pleads "factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* All well-pleaded factual allegations are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

## IV. ARGUMENT

### A. Defendants' Successive Motion to Dismiss is Procedurally Improper

As a threshold matter, Defendants' second Motion to Dismiss is a procedurally improper attempt to secure a "second bite at the apple." Their initial motion (Dkt. 15) has been pending for over five years, and the issues have been fully briefed. This second motion is an attempt to circumvent the Court's pending decision by re-arguing points that either were, or should have been, raised initially.

#### 1. Violation of Rule 12(g)(2)

Federal Rule of Civil Procedure 12(g)(2) mandates the consolidation of defenses and prohibits successive pre-answer motions raising defenses that were available at the time of the first motion. With the exception of preclusion arguments based on the now-final state court judgment, every other argument raised in the current MTD, including those related to FDCPA pleading standards under *Guerrero* and the judicial privilege under *Jeckle,* was available to Defendants when they filed their first motion in 2020. Having omitted them, they have waived the right to raise them now. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000) (Rule 12(g) "contemplates the presentation of an omnibus pre-answer motion" and "generally prohibits successive motions raising defenses that were available but omitted from the first motion.") (quoting *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 n.2 (9th Cir. 1988)).

#### 2. Improper Duplicative Motion

This Second MTD is functionally a motion for reconsideration of arguments already briefed. Courts in this district consistently deny successive motions to dismiss that simply repackage prior arguments. *See, e.g., Abebe v. GMAC Mortg., LLC*, No. C12-0524-JCC, 2012

U.S. Dist. LEXIS 109841, at *2 (W.D. Wash. Aug. 6, 2012) ("Successive motions to dismiss are disfavored and are not contemplated by the Rules."). Filing an entirely new MTD that re-argues the sufficiency of FDCPA and CPA claims is a waste of judicial resources. *See Lester v. Gene Express, Inc.*, No. C10-1011-MJP, 2010 WL 3733535, at *3 (W.D. Wash. Sept. 20, 2010) (denying a second motion to dismiss raising "substantially identical" arguments as a pending motion).

The only new event is the finality of the state court judgment. This fact only justifies a new motion on the narrow grounds of claim or issue preclusion. It does not provide Defendants a license to re-brief their entire case, especially by ignoring new and controlling legal precedent.

**B. Substantive Deficiencies in Re-Argued Defenses**

**1. <u>FDCPA Claims are Independent Statutory Torts, Not Barred by Preclusion</u>**

Defendants' argument that the state court judgment (Dkt. 51 at 12) precludes the FDCPA claims is flawed. The judgment does not retroactively sanitize prior unlawful collection conduct. An FDCPA violation for misrepresentation is complete at the time the misrepresentation is made. The fact that Defendants later "fixed" their accounting does not erase the initial statutory tort of filing a complaint for a knowingly inflated sum.

**a. Contradiction on Rooker-Feldman**

Defendants explicitly state in Section III.B of their MTD that they "are not currently arguing the Rooker-Feldman doctrine here." (Dkt. 51 at 5). However, on page 12, they argue that if this Court presumes the state judgment was obtained by deception, it "triggers the Rooker-Feldman doctrine." This contradictory posture should be highlighted. The latter argument misapplies the doctrine; a claim that a judgment was procured by fraud is an attack on the party's conduct, not the court's ruling, and is not barred by *Rooker-Feldman*. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004).

**b. Violation Occurs at the Time of Misrepresentation:**

An FDCPA violation for false representation under 15 U.S.C. § 1692e is complete at the time the misrepresentation is made. The fact that Defendants later conceded the amount was





Devlin Law Firm
526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

inflated by over $5,000 (FAC ¶¶ 51, 56) and "fixed" their pleadings does not erase the initial statutory tort. The state court's final judgment determined the debt obligation as ultimately presented; it did not, and could not, adjudicate whether Defendants' *initial act of filing a complaint for a grossly overstated sum* constituted a violation of the FDCPA. *ee McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011) (a debt collector's compliance with the FDCPA is a separate legal question from the validity of the underlying debt). The FDCPA violation was completed when the deceptive complaint was filed. The Court of Appeals' remand, which found a genuine issue of fact regarding the debt's starting date, supports the plausibility of Plaintiff's claim that the initial accounting was, at a minimum, wrongfully manipulated.

**c. State Court Rulings Do Not Address FDCPA Conduct.**

The state court never ruled that Defendants' complaint did not misrepresent the debt in violation of federal law. Its focus was on contract and property law. Indeed, the Court of Appeals' initial remand underscored that there were significant factual issues with Defendants' accounting. This is an independent statutory tort targeting collection *conduct*, not the validity of the final judgment. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011).

**C. Misapplication of *Guerrero v. RJM Acquisitions***

In Section III.C.4, Defendants misapply *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 (9th Cir. 2007), to argue for blanket immunity for all conduct after Plaintiff's counsel appeared. (Dkt. 51 at 12-13). This argument fails for two dispositive reasons.

**1. <u>Limited to "Communications," Not "Conduct"</u>**

*Guerrero*'s holding is narrow. It immunizes certain *communications* directed *solely* to a debtor's attorney from claims evaluated under the "least sophisticated debtor" standard. It does not immunize all litigation *conduct*. The FDCPA prohibits false representations made through any "means" or "conduct," not just "communications." 15 U.S.C. §§ 1692e, 1692f. Filing a false pleading or affidavit is actionable conduct. As another court persuasively held, *Guerrero* "is not





Devlin Law Firm
526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

controlling here… because the opposition brief is not a 'communication,' and numerous other courts have recognized that the FDCPA can apply to litigation conduct, such as the filing of complaints." *Louie v. Asset Cap. Recovery Grp., LLC*, No. C-15-1680 EMC, 2015 U.S. Dist. LEXIS 97750, at *1–2 (N.D. Cal. July 27, 2015); *see also Tinsley v. Fairway Colls. LLC*, No. C21-0260-JCC, 2021 U.S. Dist. LEXIS 82072, at *5 (W.D. Wash. Apr. 29, 2021) (rejecting *Guerrero* defense where FDCPA claim was based on filing and serving the lawsuit itself).

**2. <u>Pre-Representation Conduct</u>**

A significant portion of the alleged FDCPA violations, including the overshadowing collection letters (FAC ¶¶ 36, 38, 40) and the filing of the foreclosure complaint with a false amount (FAC ¶ 51), occurred *before* Plaintiff retained counsel. *Guerrero* is facially inapplicable to this conduct.

**D. Plaintiff's Claims Are Not Barred by Preclusion Doctrines**

Defendants' preclusion arguments (Dkt. 51 at 5-6, 11-12) rest on the flawed premise that a state-court judgment on a debt immunizes all related collection conduct. This is incorrect. A debtor can possess a valid claim for abusive collection practices even if the underlying debt is valid. *See Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). Plaintiff's claims target Defendants' unlawful *conduct*, not the validity of the state court's ultimate judgment. Because these claims arise from independent statutory duties and caused injuries separate from the existence of the debt itself, they are not precluded.

**1. <u>The *Rooker-Feldman* Doctrine Is Inapplicable Because Plaintiff's Injury Was Caused by Defendants' Misconduct, Not the Judgment</u>**

Defendants argue that Plaintiff's claim that their "filings infected the summary judgment proceeding with deception" is a forbidden de facto appeal. (Dkt. 51 at 12). This misconstrues the narrow scope of the *Rooker-Feldman* doctrine, which applies only to "cases brought by state-court losers complaining of injuries *caused by* state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (emphasis added). It does not bar claims where the injury is caused by a party's independent misconduct. *Kougasian v. TMSL, Inc.*, 359





Devlin Law Firm
526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

F.3d 1136, 1140 (9th Cir. 2004). Plaintiff's injuries flow from Defendants' violations of independent statutory duties, not from the state court's judgment.

Even where, as Defendants argue, the claim is that misconduct "infected the proceeding" (Dkt. 51 at 12), the Ninth Circuit has made clear that *Rooker-Feldman* does not bar a federal claim alleging a state judgment was procured by wrongful conduct. *Kougasian*, 359 F.3d at 1141. Such a claim attacks the adverse party's actions, not the state court's legal conclusions. *Id.* This is precisely Plaintiff's position.

Here, each alleged wrongful act breached a statutory duty and inflicted a corresponding injury that is independent of the final state judgment:

- ***Independent Duty and Injury (Overshadowing):*** Defendants' duty under 15 U.S.C. § 1692g to provide a clear validation notice was breached when they sent demands requiring payment or dispute in 10-14 days. FAC ¶¶ 36, 38, 40. This caused an informational injury and confusion at the time the letters were sent, long before any judgment. The injury was caused by the unlawful notice, not the later judgment.
- ***Independent Duty and Injury (False Representation):*** Defendants' duty under 15 U.S.C. § 1692e(2)(A) not to misrepresent the amount of a debt was breached when they filed a foreclosure complaint demanding $13,653.14, a sum they knew was inflated by over $5,000. FAC ¶¶ 51, 56. The injury was the cost of defending an inflated claim and the loss of property use from a receivership obtained through this deception. This injury was caused by Defendants' misrepresentation, not the court's ultimate, corrected judgment.

Courts in this District consistently hold that FDCPA and CPA claims are not barred where they challenge the *conduct* of the debt collector. *See Nelson v. Dynamic Collectors, Inc.*, No. 2:25-CV-00097-JNW, 2025 U.S. Dist. LEXIS 140091, at *6 (W.D. Wash. July 22, 2025) (state judgments "remain in place while Ms. Nelson challenges [the] collection of those judgments"); *Olson v. Armada Corp.*, No. C20-0429JLR, 2021 U.S. Dist. LEXIS 206114, at *11 (W.D. Wash.



Devlin Law Firm
526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

Oct. 22, 2021) (no *Rooker-Feldman* bar where plaintiffs challenged "only the debt collection practices… that led to the judgment, but do not challenge or dispute the underlying judgment itself"). Because Plaintiff seeks damages for independent statutory wrongs and does not ask this Court to vacate the state judgment, *Rooker-Feldman* does not apply.

**2. Res Judicata and Full Faith and Credit Do Not Bar These Independent Statutory Claims**

Defendants argue that because the state court awarded a money judgment, full faith and credit and collateral estoppel preclude Plaintiff from now claiming that the amount demanded was misrepresented. (Dkt. 51 at 10, 12). This conflates the merits of the underlying debt with the legality of the conduct used to collect it.

Under Washington law, *res judicata* requires an identity of the cause of action. *Rains v. State*, 100 Wn.2d 660, 663, 674 P.2d 165 (1983). There is no such identity here. The foreclosure action concerned the Association's right to payment. This action concerns Plaintiff's statutory right to be free from abusive collection tactics, a different primary right vindicating different legal duty.

**a. FDCPA § 1692e(2)(A) Claim**

The state-court judgment for a corrected amount does not absolve Defendants of liability for their earlier, independent violation of demanding a knowingly inflated sum. The statutory tort was complete when they made the false representation in their collection complaint. FAC ¶¶ 51, 56. The resulting injury, defending an inflated claim and losing property use due to a wrongfully obtained receivership, is distinct from the debt itself. This cause of action was not, and could not have been, adjudicated in the foreclosure suit.

**b. CPA Claim**

The state court did not adjudicate whether Defendants' systematic ledger manipulation, depletion of a credit balance, and pyramiding of unauthorized fees constituted an unfair or deceptive business practice. FAC ¶¶ 15-24. These acts breached a duty under RCW 19.86.020 and caused distinct economic harm (loss of the credit, costs of investigation) that is not precluded by a judgment on the debt.

**c. Claims Are Not Compulsory Counterclaims.**

Defendants' preclusion argument assumes these claims were compulsory counterclaims. They were not. This Court has squarely held that FDCPA and CPA claims are not compulsory counterclaims to a debt collection action because the facts related to abusive *conduct* are a "separate transaction or occurrence" from the facts establishing the *existence* of the debt. *Brown v. Transworld Sys. Inc.*, 646 F. Supp. 3d 1328, 1340 (W.D. Wash. 2022). The evidence needed is different: one requires proof of the debt obligation, while the other requires proof of the collector's unlawful conduct. *See Olson*, 2021 U.S. Dist. LEXIS 206114, at *11.

Because Plaintiff's claims assert violations of different rights, seek remedies for different injuries, and require different evidence than what was at issue in the state foreclosure, neither *res judicata* nor collateral estoppel applies.

**E. Washington's Judicial Privilege Does Not Shield Defendants' Unlawful Business Practices.**

This case targets Defendants' business practices in running a for-profit collection operation—their licensing, fee structures, and deceptive accounting—not their legal advocacy. Because Defendants were acting as a licensed collection agency and their conduct constituted the entrepreneurial aspects of their law practice, Washington's judicial privilege does not apply.

**1. <u>Defendants' Reliance on *Jeckle v. Crotty* is Misplaced.</u>**

Defendants' judicial privilege argument (Dkt. 51 § III.D) is a rehash of arguments from their 2020 motion and rests almost entirely on *Jeckle v. Crotty*, 120 Wn. App. 374, 85 P.3d 931 (2004). This argument ignores a decade of contrary, controlling case law from Washington courts and this District, which has resoundingly rejected such a broad application of judicial privilege in the debt collection context. Even the court in *Seyfarth v. Reese Law Group, P.L.C.*, distinguished *Jeckle*, holding that a CPA claim could proceed against an adversary's attorney where the allegations concerned a pattern and practice of misrepresenting its attorney's fees because this constituted an attack on the *business practice* of the law firm. No. C09-5727BHS, 2010 U.S. Dist. LEXIS 77217, at *15 (W.D. Wash. July 7, 2010). Additionally, courts in this District have



Devlin Law Firm
526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

consistently and unanimously rejected this same defense. *Howard v. Patenaude & Felix APC*, 634 F. Supp. 3d 990, 997 (W.D. Wash. 2022) (rejecting defendant law firm's judicial action privilege defense because Washington law does not permit a law firm acting as a collection agency to use the privilege as a shield); *see also Brown v. Transworld Sys. Inc.*, 646 F. Supp. 3d 1328, 1338 (W.D. Wash. 2022) (holding that a law firm acting as a debt collector is not immune from CPA claims).

**a. Controlling Modern Precedent Ignored by Defendants.**

Defendants have also failed to address the dispositive line of cases establishing exceptions to the judicial privilege for CPA claims:

**(i) The Collection Agency and Entrepreneurial Aspects Exceptions Defeat the Privilege.**

*Scott v. Am. Express Nat'l Bank*, 22 Wn. App. 2d 258, 514 P.3d 695 (2022), holds that the privilege does not bar CPA claims against a law firm acting as a licensed collection agency for conduct violating the Washington Collection Agency Act (WCAA). The FAC explicitly alleges Defendants were acting as a licensed collection agency (FAC ¶¶ 6, 96). Under *Scott*, the privilege provides no protection.

Further, since *Short v. Demopolis*, 103 Wn.2d 52, 61, 691 P.2d 163 (1984), Washington law has held that the CPA applies to the entrepreneurial aspects of a law practice, such as billing and fee structures. The conduct alleged here, a systemic ledger manipulation and pyramiding unauthorized fees to generate collection work (FAC ¶¶ 15-24), relates to the *business* of generating fees, not legal strategy, and is therefore unprotected. *See also Hoffman v. Transworld Sys., Inc.*, No. C18-1132 TSZ, 2021 U.S. Dist. LEXIS 1348, at *7 (W.D. Wash. Jan. 4, 2021). Claims are exempt only when they challenge the substantive quality of legal services, such as negligence or malpractice, not the commercial practices of the firm. *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 602 (2009).

The FAC alleges a classic entrepreneurial scheme: Defendants manufactured and inflated a debt through confusing ledgers, imposed unauthorized fees, and used litigation not merely to





Devlin Law Firm
526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

collect a debt but as a vehicle for generating substantial legal and administrative fees. *See* FAC ¶¶ 10, 57, 114, 117. This conduct relates directly to the billing and collection practices that *Short* deemed actionable.

**(ii) Distinction from Common Law Torts.**

By contrast, cases upholding the privilege, like *Young v. Rayan*, 27 Wn. App. 2d 500, 531 P.3d 804 (2023), involved common law torts like defamation, not statutory claims like the CPA. *See Young v. Rayan*, 27 Wn. App. 2d 500 (2023) (distinguishing privileged common law torts from "CPA claims against a regulated collection agency engaged in entrepreneurial conduct"); *Franco v. MacQuarie Cap. USA Inc.*, No. 84292-7-I, 2024 Wash. App. LEXIS 912, at *16 n.11 (Ct. App. May 6, 2024).

**F. Plaintiff Has Pled a Viable CPA Claim**

Defendants' argument against the CPA claim rests on a flawed legal premise: that because a debt was ultimately found to be owed, their methods of collecting it are immune from scrutiny under the CPA. (Dkt. 15 at 17–19). That is not the law. A valid underlying debt does not immunize a collector from liability for *how* it collects that debt. Federal courts in Washington routinely recognize CPA liability premised on unfair or deceptive collection practices even where the existence of some underlying obligation is not in dispute. As the FAC plausibly alleges that Sound Legal's conduct satisfies all five elements of a CPA claim, the claim must survive.

To prevail on a CPA claim, a plaintiff must prove: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or their business or property; (5) causation. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37, 204 P.3d 885 (2009) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784, 719 P.2d 531 (1986)). The FAC plausibly alleges each element.

**1. <u>Unfair or Deceptive Act or Practice</u>**

A practice is unfair or deceptive under the CPA if it has the *capacity to deceive a substantial portion of the public*; a plaintiff need not prove actual deception, intent to deceive, or





Devlin Law Firm
526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

reliance. *Panag*, 166 Wn.2d at 50. The FAC alleges that Defendants engaged in multiple unfair and deceptive practices, including but not limited to: depleting Plaintiff's $2,012.27 credit balance with unauthorized charges; fabricating a delinquency through improper accounting; imposing bogus attorney's fees and manufactured late fees; and submitting false and misleading ledgers to the state court while swearing to their accuracy. (FAC ¶¶ 15-24, 51, 56).

Independently, Defendants' acts are deceptive. These include, among others: (i) issuing an initial demand with contradictory amounts and an unauthorized "$229.15 Final Payment Processing Fee" (FAC ¶ 44); (ii) providing a Debt Validation Notice with a ledger that was irreconcilable with prior statements (FAC ¶¶ 47-48); and (iii) filing numerous, conflicting ledgers with the state court to secure judgment on a false premise (FAC ¶¶ 50-54, 97). Such conduct has the clear capacity to deceive and is more than sufficient at the pleading stage to establish this element.

### 2. ***Per Se* CPA Violation Based on FDCPA Violations**

Additionally, any violation of the FDCPA is a per se unfair and deceptive act under the CPA. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 57 (2009). Thus, the FDCPA violations detailed above (FAC ¶¶ 36, 82-84, 93) also satisfy this element.

Plaintiff's CPA claim is also independently established on a *per se* basis. Washington law recognizes that a violation of certain consumer protection statutes constitutes a *per se* violation of the CPA's "unfair or deceptive act" and "public interest" elements. Courts in this District have squarely held that a violation of the FDCPA is a *per se* violation of the CPA. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 57 (2009)(a per se violation of the CPA . . . under state and federal law, reflecting the public policy significance of the industry.); *Linehan v. AllianceOne Receivables Mgmt., Inc.*, No. C15-1715-JCC, 2016 WL 1408089, at *2 (W.D. Wash. Apr. 11, 2016) (Because the FDCPA is a federal consumer protection statute, a violation of the FDCPA constitutes a per se violation of the WCPA); *see also Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1110 (W.D. Wash. 2012). The FAC specifically alleges that Defendants' conduct

violated multiple provisions of the FDCPA. (FAC ¶¶ 143–145). As these well-pleaded factual allegations must be taken as true, Plaintiff has adequately alleged a *per se* CPA claim against Sound Legal.

**3. <u>Public Interest Impact</u>**

The public interest element may be satisfied by showing that the challenged acts have the capacity to injure other consumers. *Hangman Ridge*, 105 Wn.2d at 790–91; RCW 19.86.09(3)(b). Plaintiff alleges that Defendants' conduct arises from standardized policies and practices used to collect assessments from multiple homeowners and that these practices have the capacity to injure others in the same manner that they have injured him. (FAC ¶ 125). These allegations of a pattern of conduct with a substantial potential for repetition affecting numerous consumers satisfy the public interest requirement. Furthermore, this element is independently satisfied under the *per se* theory based on the alleged FDCPA violations. *Linehan*, 2016 WL 1408089, at *2.

**4. <u>Injury to Business or Property</u>**

Defendants incorrectly argue that Plaintiff suffered no cognizable injury. (Dkt. 15 at 17–19; Dkt. 24 at 11). The CPA's injury element is relatively minimal and does not require a large or precisely quantified loss. *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412, 431, 334 P.3d 529 (2014). It is met if "the consumer's property interest or money is diminished because of the unlawful conduct…." *Mason v. Mortgage Am., Inc.*, 114 Wn.2d 842, 854, 792 P.2d 142 (1990). The FAC alleges that Plaintiff: (1) lost his $2,012.27 credit balance; (2) paid unlawful fees and interest; (3) lost the use and enjoyment of his property, as well as rental income, due to a wrongfully obtained receivership; and (4) incurred costs responding to Defendants' unlawful collection efforts. (FAC ¶¶ 15, 61-62, 126). These injuries began in 2017 with the manipulation of his account, long before the state court judgment, and flow directly from Defendants' deceptive acts, not the judgment itself.

**5. <u>Causation</u>**

Finally, to establish causation, a plaintiff must show that "but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Carlile v. Harbour Homes,*

*Inc.*, 147 Wn. App. 193, 214, 194 P.3d 280 (2008). The FAC alleges that but for Defendants' manipulation of his account, his account would not have appeared delinquent, he would not have been charged improper fees, and his property would not have been subjected to foreclosure proceedings. This is sufficient to satisfy causation at the pleading stage.

**G. Plaintiff Adequately Pleads Civil Conspiracy**

Defendants argue that the civil conspiracy claim fails because an agent cannot conspire with its principal. (Dkt. 24 at 11). This argument misconstrues both the law and the allegations. Civil conspiracy is when two or more people combine to accomplish an unlawful purpose or a lawful purpose by unlawful means. *All Star Gas, Inc. of Wash. v. Bechard*, 100 Wn. App. 732, 740, 998 P.2d 367 (2000). The FAC alleges a coordinated scheme among multiple, distinct entities—Villa Marina, Nova, and Sound Legal—to achieve a common for-profit objective through unlawful means.

A conspiracy may be based on circumstantial evidence but the circumstances must be "inconsistent with a lawful or honest purpose…." *Corbit v. J.I. Case Co.*, 70 Wn.2d 522, 529, 424 P.2d 290 (1967). The FAC alleges just such a scheme. Villa Marina selects Nova as its collector; Nova manipulates the account to create a bogus delinquency; and Sound Legal then weaponizes this manufactured delinquency by filing liens and lawsuits based on Nova's false data. (FAC ¶¶ 146-150). Each Defendant is a link in a connected chain whose interdependent actions further the common goal of maximizing fee revenue through unlawful collection practices.

The collection of assessments may be a lawful purpose, but the FAC alleges Defendants employed *unlawful means* to achieve it, including violations of the FDCPA and CPA and submitting false documents to a court. These underlying tortious acts supply the actionable wrong for a civil conspiracy claim. *All Star Gas*, 100 Wn. App. at 740–41. The allegation is not merely that a lawyer conspired with its client, but that a law firm, a management company, and an association acted in concert to execute a deceptive scheme. At the pleading stage, these allegations are sufficient to state a claim for civil conspiracy.





Devlin Law Firm
526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

**H. Declaratory Relief**

Defendants contend that the state-court judgment renders declaratory relief moot. (Dkt. 51 at 24). This argument conflates adjudication of the *amount* of debt with adjudication of the *lawfulness of the methods* used to collect that debt. The state court addressed the validity and amount of assessments; it did not decide whether Defendants' collection efforts, demanding sums not owed, misapplying payments, and issuing confusing ledgers, violated the FDCPA or CPA. Because the legality of Defendants' collection conduct was never litigated, there remains an actual, live controversy appropriate for declaratory relief.

Defendants' reliance on outdated common law suggesting declaratory relief is unavailable where an adequate remedy at law exists is misplaced. (Dkt. 51 at 25). Washington's Uniform Declaratory Judgments Act expressly supersedes this rule, authorizing courts to declare rights, status, and other legal relations whether or not further relief is or could be claimed. RCW 7.24.010. By its terms, the statute contemplates precisely what Plaintiff seeks here: a declaration that Defendants' debt-collection practices violated the FDCPA and CPA.

**I. Injunctive Relief**

Defendants also argue that injunctive relief is unavailable because there is "no existing controversy" between Plaintiff and Sound Legal. (Dkt. 51 at 24). This ignores the reality of the ongoing relationship alleged in the FAC. Plaintiff owns a condominium unit subject to Villa Marina's assessments, which Defendants are contracted to collect. The FAC alleges that Defendants have engaged in a *pattern and practice* of unlawful collection conduct. (FAC ¶¶ 15–24, 36, 38, 40, 51, 56, 156.) Because Plaintiff remains subject to Defendants' collection efforts on present and future assessments, there is an ongoing controversy and a realistic threat of future injury.

Injunctive relief is a well-recognized remedy in actions alleging unlawful debt-collection practices. The Washington CPA explicitly authorizes a private plaintiff to seek injunctive relief. RCW 19.86.090. Plaintiff's request for an order prohibiting Defendants from demanding money



Devlin Law Firm
526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

not owed, using misleading ledgers, and misapplying payments is narrowly tailored to the alleged statutory violations and serves the preventative function of an injunction. The state-court judgment on a past debt does not moot a request to regulate Defendants' future conduct. Because Plaintiff remains subject to Defendants' collection activities, the controversy is not "wholly past," and equitable relief is proper.

## V. CONCLUSION

Defendants' second Motion to Dismiss is a procedurally improper and substantively meritless attempt to re-litigate arguments already fully briefed before this Court. It is, first and foremost, a procedurally improper successive motion that violates Federal Rule of Civil Procedure 12(g)(2)'s consolidation requirement. Defendants had a full and fair opportunity to raise these defenses in their initial motion five years ago; to permit this second attempt would reward piecemeal litigation and undermine the Federal Rules' objective of a "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Substantively, the motion fails because it rests on a persistent mischaracterization of Plaintiff's claims. This is not an attack on the state-court judgment. It is an action to hold Defendants accountable for their independent statutory torts—the unlawful *conduct* they employed while acting as a debt collector. As such, preclusion doctrines do not apply. The judicial privilege offers no shield, as Defendants were operating as a licensed collection agency engaged in the unprotected "entrepreneurial aspects" of a law practice, and their reliance on outdated authority cannot overcome a decade of contrary Washington law. The First Amended Complaint plausibly alleges each element of Plaintiff's claims under the FDCPA and CPA, as well as for civil conspiracy, easily satisfying the Rule 12(b)(6) standard. Finally, the requests for declaratory and injunctive relief are properly tethered to these ongoing and threatened statutory violations.

Additionally, the Plaintiff requests that the Court grant leave to amend to address any issues in the FAC that may need to address the rulings from the state court.

For the foregoing reasons, Plaintiff John E. Collins, Jr. respectfully requests that the Court deny Defendants' procedurally improper and substantively baseless Motion to Dismiss (Dkt. 51) in its entirety.

Dated December 5, 2025.

DEVLIN LAW FIRM LLC

I certify that this memorandum contains 5,873 words, in compliance with the local civil rules.

By: */s/ Christina Henry*

Christina Henry
Attorney for Plaintiffs
6100 219th St SW
Ste 480, PMB 398
Mountlake Terrace, WA 98043-2222
Tel# 206-319-0077
*chenry@devlinlawfirm.com*
*Attorneys for Plaintiff*
*Hat Nguyen*